UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

GARY FIXELLE,

    Plaintiff,

v.

CONVERGEONE, INC.,
a Foreign Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, GARY FIXELLE ("Mr. Fixelle" or "Plaintiff"), by and through his undersigned counsel, and sues the Defendant, CONVERGEONE, INC., ("Defendant" or "C1") and alleges the following:

1.    Plaintiff brings these claims for age discrimination against C1 for its termination of Plaintiff based upon his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 626 (b) & (c), and 29 U.S.C. § 623(a)(1), and in violation of the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat. Plaintiff is seeking damages, including back pay, front pay, lost employment benefits, compensatory damages, punitive damages, interest, and his attorneys' fees and costs.

**VENUE AND JURISDICTION**

2.    C1 is a foreign corporation located in Broward County, Florida, which at all times relevant performed work in Broward County, Florida.

3.    This Court has original jurisdiction over Plaintiff's ADEA claims pursuant to 28

U.S.C. § 1331, as they arise under federal law.

4. The Court has supplemental jurisdiction over Plaintiff's FCRA claims as these claims are so related to Plaintiff's Title ADEA claim that it forms part of the same case or controversy.

5. Plaintiff is, and at all times material was, a resident of Broward County, Florida, and worked for Defendant in Broward County, Florida.

6. Jurisdiction and Venue are proper in this Court, as the actions giving rise to this action arise under federal law, and occurred in Broward County, Florida.

**CONDITIONS PRECEDENT**

7. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on or about December 17, 2020.

8. On or around June 9, 2021, Plaintiff received his Notice of Right to Sue letter from the EEOC against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

9. More than 180 days have passed since the filing of the Charge of Discrimination.

10. Plaintiff timely files this action within the applicable period of limitations against Defendant.

11. All conditions precedent to this action have been satisfied and/or waived.

**EMPLOYER DEFINITIONS UNDER THE ADEA/FCRA**

12. Mr. Fixelle worked for C1 as a National Account Manager from January 1, 2004, until his termination on April 28, 2020.

13. Defendant was an "employer" as defined by the ADEA/FCRA.

14. At all times relevant, Defendant employed in excess of twenty (20) or more

employees.

**STATEMENT OF FACTS**

15. At all times material, Plaintiff, was a sixty-one (61) year old man who worked for Defendant.

16. During his many years with C1, Mr. Fixelle was an excellent employee, and had no significant history of attendance, tardiness, or disciplinary issues.

17. Mr. Fixelle was regularly one of C1's top salespeople, and had his best year ever in 2019.

18. Nevertheless, on April 28, 2020, Mr. Fixelle received a call from his Supervisor at C1, Kim Glasser, and a Human Resource representative, informing Mr. Fixelle C1 had decided to terminate his employment, effective immediately.

19. The next day, Mr. Fixelle spoke with C1 Vice President David Garlich over the telephone.

20. Mr. Garlich stated that the reason C1 had terminated Mr. Fixelle's employment was that C1 didn't believe that Mr. Fixelle had the skill set to adjust to the new services and offerings that C1 was attempting to move its customer base towards.

21. Mr. Fixelle soon learned that C1 terminated about four (4) other salespeople, all of them older, who were on Mr. Fixelle's team.

22. However, younger employees such as Justin Crook and Angie Funderburk, who are in their early thirties (30s) and had never met Mr. Fixelle's levels of performance, were not laid off.

23. Plaintiff was fired for no reason other than his advanced age.

24. The person who replaced Plaintiff and assumed his job responsibilities and duties

following his termination was substantially younger than Plaintiff.

25. Defendant's reason for Plaintiff's termination was a pretext designed to rid the workplace of an older worker.

26. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

27. But for Plaintiff's age, Defendant would not have terminated his employment.

28. Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, compensatory damages, and emotional distress damages, as a result of Defendant's actions.

## COUNT I- VIOLATION OF THE ADEA

29. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 3, and 5 through 28 of the Complaint, as if fully set forth in this Count.

30. Plaintiff was over forty (40) years old when he was terminated.

31. Plaintiff was not terminated for cause.

32. Plaintiff was terminated only because of his age, and would not have been terminated but for his age.

33. Defendant did not have a legitimate, non-discriminatory reason for terminating Plaintiff.

34. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

35. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff, who was less qualified than Plaintiff.

36. Defendant's termination of Plaintiff was willful and intentional, and evidences a reckless disregard for Plaintiff's rights against age discrimination.

37. Defendant had no good faith basis for terminating Plaintiff based on his age, and

Plaintiff is entitled to liquidated damages based on these actions.

38. Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on his age, was in compliance with the ADEA.

### REQUEST FOR RELIEF- COUNT I

**WHEREFORE**, Plaintiff prays that this Court will:

39. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA;

40. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

41. Grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages, including liquidated damages;

42. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA.

43. Provide any additional relief that this Court deems just and proper.

### COUNT II – VIOLATION OF THE FCRA

44. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 2, and 4 through 28 of the Complaint, as if fully set forth in this Count.

45. Plaintiff was over forty (40) years old when he was terminated.

46. Plaintiff was not terminated for cause.

47. Plaintiff was discriminated against based on his age.

48. Defendant did not have a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

49. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

50. Plaintiff's job duties were taken over by an employee who was significantly younger than Plaintiff.

51. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

52. Plaintiff was fired only because of his age, and would not have been fired but for his age.

53. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

54. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the future.

55. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Fla. Stat.

56. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

### REQUEST FOR RELIEF AS TO COUNT II

**WHEREFORE**, Plaintiff prays that this Court will:

57. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

58. Require that Defendant make Plaintiff whole for his losses suffered as a result of the

discrimination through reinstatement, or, if that is not practical, through an award of front pay;

59. Grant Plaintiff a judgment against Defendant for damages, including, but not limited to, wage loss, compensatory, and punitive damages;

60. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat.; and

61. Provide any additional relief that this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated this 20th day of August, 2021.

Respectfully submitted,

*/s/Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Road 84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail:  **noah@floridaovertimelawyer.com**

*Trial Counsel for Plaintiff*